# John Laughlin, Appellant, *v.* Samuel Conn.

*Judgment—Opening judgment—Accounting—Practice, C. P.—Equity.*

On a rule to open a judgment where it appears that the rights of the parties in interest cannot be determined, except by a settlement of complicated accounts and of collateral matters which cannot be satisfactorily determined by the verdict of a jury, the rule should be discharged, and the applicant for the rule should be left to his proper remedy, a bill in equity; if, however, the court below has made the rule absolute, the Supreme Court will not reverse, but will consider the order of the lower court as a restraining order, and will assume that the applicant for the rule will proceed at once by bill to secure an accounting and an ascertainment of the amount, if anything, due.

Argued March 21, 1899. Appeal, No. 382, Jan. T., 1898, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1891, No. 793, making absolute a rule to open judgment. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellant.

*Henry P. Brown*, for appellee.

OPINION BY MR. JUSTICE FELL, April 24, 1899:

The judgment in this case was obtained in 1892 in an action on a promissory note of which the defendant, Samuel Conn, now deceased, was the accommodation maker. The rule to open the judgment was granted on the motion of the payee of the note. He alleged in his petition that after the date of the judgment he entered into an agreement with the plaintiff by which the whole amount of his indebtedness to the plaintiff, including the defendant's note on which judgment had been obtained, was fixed; that the plaintiff accepted his notes in settlement thereof, and agreed to hold four houses which were conveyed

to him as security for the payment of the notes, to account for the rents and to reconvey on payment of the notes. The petition further alleged that he had offered to pay the balance due by him, and that the plaintiff had refused to account or to reconvey the houses. It appears from the depositions taken in support of the rule that a settlement between the petitioner and the plaintiff involves an accounting by the latter for rents received and for taxes, interest on mortgages, and the cost of repairs and alterations paid. The matter is still further complicated by a dispute as to the exact terms of the agreement, and by the inability of the plaintiff to reconvey because of judgments which have been entered against him since he took title to the real estate.

It is evident that the trial of an issue to determine what, if anything, is now due on the judgment will necessarily involve collateral matters of such a nature and so complicated that they cannot be satisfactorily determined by the verdict of a jury. For this reason the court might have refused to grant the rule, or, we think, should have discharged it after hearing, when the facts were fully developed. The proper practice in such a case is to file a bill for an account and reconveyance, and to ask for an order restraining proceedings to collect the judgment until an account has been settled and the amount due thus ascertained. Short of such a proceeding we do not see how there can be an intelligent and equitable adjustment of the matters in dispute. But as the order of the court making absolute the rule to open judgment operates as a restraining order on the plaintiff, we do not find it necessary to reverse. The petitioner should at once proceed by bill to secure an accounting and an ascertainment of the amount, if anything, due. Assuming that this will be done we affirm the judgment.